**Juan M. BRIBIESCA, M.D., C.C.P,**
**Plaintiff-Appellant,**

v.

**PROCOPIO, CORY, HARGREAVES, AND SAVITCH, LLP, a professional corporation; et al., Defendants-Appellees.**

No. 17-55098

United States Court of Appeals, Ninth Circuit.

Submitted November 15, 2017 *

Filed November 21, 2017

Juan M. Bribiesca, Pro Se

Sean M. Gaffney, Esquire, Attorney, Procopio, Cory, Hargreaves & Savitch LLP, San Diego, CA, Paul Andrew Tyrell, Kendra J. Hall, Attorneys, Procopio, Cory, Hargreaves & Savitch LLP, San Diego, CA, for Defendants-Appellees Procopio, Cory, Hargreaves, and Savitch, LLP, Timothy Salter, Paul Andrew Tyrell, Pacific Perfusion Inc., Richard F. Julien, Holly Colavin

Scott D. Buchholz, Esquire, Senior Trial Attorney, Frederick C. Bingham, Esquire, Dummit, Buchholz & Trapp, San Diego, CA, for Defendants-Appellees Chris Van Gorder, Gary Fybel, Lisa Thakur, Brad Ellis, Scripps Health, Scripps Memorial Hospital, John Spinosa, Richard Unger, Irma Flores, Steven Peterson, Aimee Dovi

Dane Joseph Bitterlin, Hugh Anthony McCabe, Neil, Dymott, Frank, McFall & Trexler APLC, San Diego, CA, Frederick C. Bingham, Esquire, Dummit, Buchholz & Trapp, San Diego, CA, for Defendant-Appellee Alexander S. Giritsky

Dana Stenvick, Attorney, Cole Pedroza LLP, San Marino, CA, for Defendant-Appellee Mark A. Kalish

John Peter Cooley, Esquire, Office of County Counsel, San Diego, CA, for Defendants-Appellees County of San Diego, William Gore, Larry Trapp

Susanne C. Washington, San Diego Superior Court, San Diego, CA, for Defendant-Appellee Randa McDaniel Trapp

Cary Ames Kinkead, Esquire, Andrews Lagasse Branch & Bell LLP, San Diego, CA, for Defendants-Appellees Michael Meenen, Kelly Brinkman

Before: CANBY, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Juan M. Bribiesca, M.D., C.C.P, appeals pro se from the district court's judgment in his action alleging federal claims arising from his state court proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under the *Rooker-Feldman* doctrine. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). We affirm.

The district court properly dismissed Bribiesca's action as barred by the *Rooker-Feldman* doctrine because Bribiesca's action is a "de facto appeal" of a prior state court judgment, in which he raises issues that are "inextricably intertwined" with that judgment. *See Cooper v. Ramos*, 704

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

F.3d 772, 782 (9th Cir. 2012) (concluding that plaintiff's claim for conspiracy in the state court proceeding was "inextricably intertwined" with the state court's decision); *Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (explaining that *Rooker-Feldman* doctrine barred plaintiff's claim because alleged legal injuries arose from the "state court's purportedly erroneous judgment" and the relief sought "would require the district court to determine that the state court's decision was wrong and thus void"). Contrary to Bribiesca's contention, the extrinsic fraud exception to the *Rooker-Feldman* doctrine does not apply because Bribiesca did not allege facts showing that any adverse party prevented him from presenting his claims in state court. *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140-41 (9th Cir. 2004) (*Rooker-Feldman* doctrine does not apply if extrinsic fraud prevented a party from presenting his claim in state court).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.